MAY TERM
1835.

Phillips
v.
Townsend.

sisting debt, on
which the law
would raise a
promise to pay a
particular sum.

---

## S. R. PHILLIPS v. T. TOWNSEND.

1. In replevin—plea of property in one P. and N.—Replication—that P. and plaintiff are the same—without noticing N.—held—bad.
2. Plea of property in the plff. and another; good in bar or abatement.

*APPEAL* from the circuit court of New Madrid.

McGirk* J. delivered the opinion of the court.

Phillips brought an action of replevin against Townsend for a waggon and geering. The defendant pleaded non cepit, property in himself, and by his third plea he alledged property in one Shepley Phillips and one Netherton jointly, on the first two pleas issues were taken and to the third the plaintiff Phillips replied, that the said Shepley Phillips mentioned in the plea is one and the same person with Shepley R. Phillips the plaintiff, the replication says nothing as to the property being in Netherton. The defendant demurred to this replication. The court sustained the demurrer and gave judgment against the plaintiff to reverse which the cause is brought to this court.

The plea is pleaded as a plea in bar to the plaintiff's action. Mr. Ranney, counsel for Phillips relies on this point in argument to reverse the judgment. That this plea is in truth and law a plea objecting to the nonjoinder of the proper parties as plaintiffs in the action, he insists that in actions in *tort* the nonjoinder of the proper plaintiffs can only be taken advantage of by plea in abatement. To support this he cites 1 Chit. p. 51 2. 6 T. R. 760. 7 T. R. 278. 1 Chit. 53, 4, and several other au-

---

*Judge Wash absent.

thorities. It is conceded by Mr. Watkins for Townsend that these authorities fully support the position assumed by the counsel. But he insists that in actions of replevin the defendant may plead property in a stranger or in the plaintiff and another either in bar abatement, to prove this he cites 2 Wheaton Selwyn 376. 1 Chit. p. 434. The counsel for Townsend also insist that the replication is bad because it does not answer the whole plea. We are of opinion the replication is bad on this ground. The plea is that the property is in one Shepley Phillips and Netherton. The replication is that this Shepley Phillips is the plaintiff but it says nothing as to the property being in Netherton. This replication brings the matter to this point, that the property is in the plaintiff and another person without stopping to enquire what is the legal effect of the replication so far as regards the property in Phillips the plaintiff, it is clear the law requires that so far as regards the right of property in Netherton there should have been an answer and for this reason, the replication is bad. The next enquiry is as to the goodness of the plea, in 1 Chit. 434, the law is laid down to be that matter which merely defeats the present action and does not shew the plaintiff is forever barred, should in general be pleaded in abatement. But to this rule there are exceptions, in some cases there are matters which may be pleaded in bar or abatement, as in replevin for goods, the defendant may plead property in himself or in a stranger either in bar or abatement. The authority cited from Selwyn is on this point still more explicit, where it is said that a plea in bar of property in the plaintiff and a stranger is a good plea. According to these authorities the plea is good. The judgment of the circuit court is affirmed with costs.

MAY TERM
1835.

Phillips
v.
Townsend.

In replevin—plea of property in one P. and N.—Replication—that P. & plaintiff are the same—without noticing N.—held —bad.

Plea of property in the plff. and another, good in bar or abatement